UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN D. PARKES,                          *
                                         *
            Petitioner,                  *
                                         *
      v.                                 *        Civil Action No. 1:11-11815-JLT
                                         *
MICHAEL B. DONLEY                        *
Secretary of the Air Force               *
                                         *
and                                      *
                                         *
ALFRED J. STEWART                        *
Commander, Air Force Personnel Center,   *
                                         *
            Respondents.                 *

MEMORANDUM AND ORDER

August 1, 2012

I.    Introduction:

       At issue is Petitioner's Emergency Motion for a Temporary Restraining Order [#4].

Petitioner seeks an order preventing Respondents from calling Petitioner to extended active duty

in the United States Air Force until this court has made a final determination regarding

Petitioner's Petition for a Writ of Habeas Corpus and for Other Relief [#1].  Because Petitioner

has not met his burden under the legal standard governing the issuance of temporary restraining

orders, his Motion [#4] is hereby DENIED.

II.   Temporary Restraining Order:

       In order to determine whether a temporary restraining order should issue, the court must

apply the same four-factor test used to determine the appropriateness of granting a motion for

preliminary injunction.[1]  This test evaluates (1) the Plaintiff's likelihood of success on the merits, (2) the potential for irreparable injury, (3) the balancing of the equities, and (4) the public interest.[2]

In applying this test, the First Circuit has emphasized the following: "'A preliminary injunction is an extraordinary and drastic remedy . . . that is never awarded as of right.'"[3] Petitioner has failed to provide the court with any legal basis for granting the relief requested. More specifically, Petitioner has offered no legal or factual arguments to support this court finding a likelihood of success on the merits.[4]  Because Petitioner has failed to meet his burden, this court declines to grant the relief requested.

III.    Conclusion:

For the above mentioned reasons, Petitioner's Emergency Motion for a Temporary Restraining Order [#4] is DENIED.  A service order will issue.

IT IS SO ORDERED.

                                        /s/ Joseph L. Tauro
                                        United States District Judge

---

[1]OfficeMax, Inc. v. County Qwick Print, Inc., 709 F. Supp. 2d 100, 106 (D. Me. 2010) (citing Northwest Bypass Group v. United States Army Corps of Eng'rs, 453 F. Supp. 2d 333, 337 (D. N.H. 2006)).

[2] Sunshine Dev., Inc. v. F.D.I.C., 33 F.3d 106, 110-11 (1st Cir. 1994).

[3]Voice of the Arab World, Inc. v. MDTV Medical News Now, Inc., 645 F.3d 26, 33 (1st Cir. 2011) (citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008)) (internal citations and quotations omitted).

[4]Petitioner's Memorandum in Support of Petitioner's Motion for a Temporary Restraining Order [#4-1] fails to cite any case law demonstrating that petitioner is entitled to judicial relief outside of the Air Force's own internal review procedures.